IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) | Case No.  1:05CV2133 |
| Plaintiff, | ) ) ) | JUDGE ANN ALDRICH |
| vs. | ) ) | |
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN and UNITED TRANSPORTATION UNION | ) ) ) ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER

Upon consideration of the Verified Complaint For Declaratory And Injunctive Relief, the arguments of counsel, all other material of record, applicable principles of law, and findings by the Court that:

1.     Plaintiff Norfolk Southern Railway Company ("NSR") is a corporation organized and existing under the laws of the Commonwealth of Virginia and is a "carrier" within the meaning of and subject to the Railway Labor Act ("RLA"), 45 U.S.C. § 151 First;

2.     Defendant Brotherhood of Locomotive Engineers and Trainmen ("BLET"), a Division of the Rail Conference of the International Brotherhood of Teamsters, is an unincorporated labor organization that is a "representative," within the meaning of and subject to the RLA, of persons employed by NSR in the "craft or class" of locomotive engineers.  BLET, through its officials and officers, conducts its business and acts for its members and other employees it represents in this judicial district;

3.      Defendant United Transportation Union ("UTU") is an unincorporated labor organization that is a "representative," within the meaning of and subject to the RLA, of persons employed by NSR as train service employees.  UTU, through its officials and officers, conducts its business and acts for its members and other employees it represents in this judicial district;

4.      The Aircraft Mechanics Fraternal Association ("AMFA") is engaged in a labor dispute with Northwest Airlines, Inc. ("Northwest"), relating to rates of pay, rules and working conditions applicable to aircraft mechanics employed by Northwest.  AMFA has engaged in a strike, work stoppage or slowdown, or has otherwise interfered with the business of Northwest;

5.      AMFA has established one or more picket lines at or outside premises of NSR within this judicial district;

6.      Defendants have permitted the employees of NSR to honor picket lines established by AMFA at or outside NSR's premises or have otherwise permitted those employees to cease or delay performing their work for NSR;

7.      Existing labor agreements between BLET and NSR, and between UTU and NSR, arguably prohibit NSR's employees from engaging in any strike, work stoppage, picketing, slowdown, or refusal to cross picket lines established by, in furtherance of, or in support of AMFA in its dispute with Northwest;

8.      Disputes over the interpretation or application of labor agreements -- so-called "minor disputes" -- are subject to mandatory arbitration under Section 3 of the RLA, 45 U.S.C. § 153. *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 306-07 (1989);

9.      It is unlawful for a union to strike over a dispute that is subject exclusively to

2

arbitration under RLA § 3. *Bhd. of R.R. Trainmen v. Chicago River & Indiana R.R.*, 353 U.S. 30, 34-39 (1957).  This Court has jurisdiction to grant an injunction to bar defendant from engaging in any such unlawful action. *Id.* at 39-42; *Consol. Rail Corp.*, 491 U.S. at 304;

        10.     The actions of defendants against NSR presents a "minor dispute" in that it involves disputes over the interpretation or application of collective bargaining agreements; accordingly, any attempt by defendants to permit or induce the employees of NSR to engage in any strike, work stoppage, picketing, slowdown, or refusal to cross picket lines violates the RLA;

        11.     NSR has met the particular standards for injunctive relief under Section 7 of the Norris-LaGuardia Act, 29 U.S.C. § 107, as well as the general standards for preliminary injunctive relief in this judicial circuit, and the Court specifically finds that:

        (a)     Defendants are permitting unlawful acts and unless enjoined, will continue to permit unlawful acts;

        (b)     Defendants' actions, unless enjoined, cause and will continue to cause substantial immediate and irreparable injury to NSR, its customers, the national and local freight and passenger transportation system, including interference with the delivery of hurricane relief supplies to the Gulf Coast area;

        (c)     The injuries that would be inflicted upon NSR, its customers, and the public by denial of the requested relief would be greater than any that may be inflicted on defendants if such relief is granted; and

        (d)     If defendants are permitted to continue to engage in unlawful acts, the injuries to NSR will not be definitively ascertainable and NSR will have no adequate remedy

at law;

THEREFORE, it is HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 65(b), that NSR is entitled to a Temporary Restraining Order, and that defendants BLET and UTU, their officers, agents, servants, and all persons in active concert or participation with any of them, who constitute a class so numerous it is impractical to bring them all before the Court individually and severally by name, and all persons receiving notice of this Temporary Restraining Order, are hereby

(1)     enjoined and restrained from, in any manner or by any means:

        (a)     directing, calling, causing, approving, authorizing, instigating, conducting, threatening, continuing, encouraging, inducing or engaging in the current strike, or any other strike, coercive self-help, sickout, slowdown, work stoppage, refusal to work, job action, picketing, or refusal to cross a picket line at or outside the premises of or against NSR or any of its affiliates, and any and all acts of any kind whatsoever, in furtherance or support thereof;

        (b)     interfering in any manner with any person employed by NSR or any of its affiliates, while that person is performing his or her work and duties for the carrier;

        (c)     attempting to induce any employee of NSR or any of its affiliates to cease or delay, temporarily or permanently, in performing his or her work or duties for the carrier; and

        (d)     otherwise interfering with the normal business operations of NSR or any

4

of its affiliates; and

(2)     directed to:

    (a)     notify their general chairpersons, local chairpersons, and all employees under their jurisdiction that this Court has ordered that AMFA's picket lines be crossed;

    (b)     take all steps within its power to halt any strike, coercive self-help, sickout, slowdown, work stoppage, refusal to work, job action, picketing and refusal to cross a picket line and to prevent such actions from occurring or continuing if commenced against NSR or its affiliates;

    (c)     rescind and withdraw prior orders, directions, requests, or suggestions that a picket line be honored;

    (d)     take all steps necessary to notify, by the most expeditious means possible, all of the employees of NSR and its affiliates that they represent of the issuance and the contents of this Temporary Restraining Order; and

    (e)     take all steps necessary to encourage and ensure compliance with the terms of this temporary restraining order; and

IT IS FURTHER ORDERED that this Restraining Order is on condition that a bond be filed by NSR in the sum of Ten Thousand dollars ($10,000.00) on or before 12 o'clock p.m. on the 8th day of September, 2005, conditioned to pay any costs awarded against plaintiff NSR and any damages that may be incurred or sustained by defendants by reason of this Temporary Restraining Order, should the same hereafter be dissolved on the ground that defendants wrongfully were enjoined or restrained

5

herein; and

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in force until a hearing for an Injunction can be held on the 21st day of September, 2005, or until further order of this Court; and

IT IS FURTHER ORDERED that the United States Marshal, and all other local, state, and federal law enforcement agencies coming within the jurisdiction of this Court, are hereby commanded to enforce this Order, and to take into custody any persons violating the terms of this Order and bring them before this Court for such action as this Court deems appropriate; and

IT IS FURTHER ORDERED that plaintiff and its attorneys or agents have leave to serve additional true copies of this Order upon defendants BLET and UTU and upon any person acting in concert or participation with BLET or UTU; and

IT IS FURTHER ORDERED that for the purpose of providing for service of notice of this decree and of the restraining order awarded, in addition to the methods of service of process provided by statute, notice may be given to BLET and UTU and all other persons by the posting of certified copies of this Order at the entrances to NSR's premises, which shall be considered prima facie evidence of notice and knowledge of this Order to and by all persons who may commit, or attempt to commit, any act or acts in violation thereof at or near the said premises of plaintiff.

IT IS SO ORDERED.

  /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: September 7, 2005**

6